**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

PNC BANK, N.A., a Delaware corporation,

    Plaintiff,

Case No..: 0:23-cv-60921

v.

MM 10 FINANCIAL, LLC,
a limited liability company;
CONSUMER COMPLIANCE
ANALYSTS, LLC, a limited liability
company; and HARRY J. CATTON,
an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, PNC BANK, N.A., a Delaware corporation ("Plaintiff" or "PNC"), by and through its undersigned counsel, sues Defendants, **MM 10 FINANCIAL, LLC**, a limited liability company ("MM 10"), **CONSUMER COMPLIANCE ANALYSTS, LLC**, a limited liability company ("CCA"), and **HARRY J. CATTON** ("Catton") (collectively "Defendants"), for enforcement of a business banking line of credit agreement, small business line of credit agreement and guaranty, and alleges as follows:

## PARTIES

1.    Plaintiff, PNC, is a national banking association. All national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the states in which they are respectively located. 28 U.S.C. § 1348. PNC's main office, as designated in its articles of association, is located in Delaware. Thus, PNC is a citizen of Delaware. PNC is the owner and

holder of a business banking line of credit agreement, small business line of credit agreement, and guaranty securing the lines of credit extended to the Defendants.

2. Defendant, MM 10, is a limited liability company with its principal place of business in Broward County, Florida. Upon information and belief, the sole member of MM 10 is Catton who, as set forth herein, is a citizen of the state of Florida. Thus, MM 10 is a citizen of Florida. MM 10 is the primary borrower of the business banking line of credit, the default thereof is a basis of this action.

3. Defendant, CCA, is a limited liability company with its principal place of business in Broward County, Florida. Upon information and belief, CCA has two members: Catton and Kayla Supan (a non-party to this action). As set forth herein, Catton is a citizen of the state of Florida. Upon information and belief, Kayla Supan is domiciled in Florida and thus is a citizen of the State of Florida. Thus, CCA is a citizen of Florida. CCA is the primary borrower of the small business line of credit, the default of which is a basis of this action.

4. Defendant, Catton, is a natural person who is domiciled in Broward County, Florida. Thus, Catton is a citizen of Florida. Catton guaranteed the obligations of Defendants, MM 10 and CCA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action between a citizen of Delaware and citizens of Florida, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) in that all Defendants reside in this District.

**FACTS**

The MM 10 Line of Credit

7. On or about May 9, 2019, Defendant, MM 10, executed a Business Banking Line of Credit Loan Application, Note & Guaranty (the "MM 10 LOC, Note & Guaranty") to establish a $100,000 line of credit with PNC. A true and correct copy of the MM 10 LOC, Note & Guaranty is attached hereto as **Exhibit A**.

8. On or about May 9, 2019, Defendant, Catton, executed the MM 10 LOC & Guaranty, thereby personally guaranteeing the prompt payment and performance of all of MM 10's obligations under the MM 10 LOC, Note & Guaranty. *See* **Exhibit A, p. 3**.

9. On or about May 15, 2019, in connection with the MM 10 LOC, Note & Guaranty, PNC issued a Business Banking Line of Credit Agreement Terms and Conditions (the "MM 10 BBLOC Agreement") to MM 10. A true and correct copy of the BBLOC Agreement is attached hereto as **Exhibit B**.

10. The MM 10 LOC, Note & Guaranty and the MM 10 BBLOC Agreement constitute a lending agreement pursuant to which MM 10 borrowed up to $100,000 through a line of credit from PNC (the "MM 10 Loan"). Together, where appropriate, the MM 10 LOC, Note & Guaranty and the MM 10 BBLOC Agreement will be referred to herein as the "MM 10 Loan Documents."

11. MM 10 and Catton have failed to make payments when due on the MM 10 Loan since September 9, 2021.

12. Accordingly, on February 14, 2023, PNC sent MM 10 and Catton a Demand for Payment letter (the "MM 10 Demand Letter") informing MM 10 and Catton that they were in default under the MM 10 Loan Documents, and demanding repayment of the full outstanding

amount of the MM 10 Loan. A true and correct copy of the MM 10 Demand Letter is attached hereto as **Exhibit C**.

13. MM 10 has nonetheless failed to cure its defaults under the MM 10 Loan Documents, and as of February 15, 2023, the outstanding balance was $95,834.50 consisting of unpaid principal, accrued and unpaid interest, and late charges. Interest is accruing on the outstanding principal balance of the MM 10 Loan at a per diem rate of $23.77, and will continue to accrue in accordance with the terms of the MM 10 Loan Documents.

14. Accordingly, the full accelerated amount owed under the MM 10 Loan Documents is immediately due and payable to PNC.

15. As stated above, on or about May 9, 2019, Catton signed the MM 10 Line of Credit & Guaranty, which included a commitment by Catton to unconditionally guaranty the prompt payment and performance of all obligations of MM 10 to PNC (the "Guaranty"). *See* **Exhibit B, p. 3, (C)**.

16. To date, Catton has failed to ensure the prompt payment and performance of MM 10's obligations under the MM 10 Loan Documents, as required by the Guaranty.

17. PNC has retained the undersigned law firm to represent it in this matter and is obligated to pay the undersigned counsel reasonable attorneys' fees for its services.

18. The MM 10 Loan Documents provide that PNC is entitled to recover its costs and expenses, including reasonable attorneys' fees, incurred through the enforcement of its rights under the Loan Documents. *See* **Exhibit B, ¶ 3**.

The CCA Line of Credit

19. On or about March 6, 2020, Defendant, CCA, executed a Small Business Line of Credit Loan Application, Note & Guaranty (the "CCA LOC, Note & Guaranty") to establish a

$100,000 line of credit with PNC. A true and correct copy of the CCA LOC, Note & Guaranty is attached hereto as **Exhibit D**.

20. On or about March 6, 2020, Defendant, Catton, executed the CCA LOC & Guaranty, thereby personally guaranteeing the prompt payment and performance of all of CCA's obligations under the CCA LOC, Note & Guaranty. *See* **Exhibit D, p. 6**.

21. On or about March 9, 2020, in connection with the CCA LOC, Note & Guaranty, PNC issued a Small Business Line of Credit Agreement Terms and Conditions (the "SBLOC Agreement") to CCA. A true and correct copy of the SBLOC Agreement is attached hereto as **Exhibit E**.

22. The CCA LOC, Note & Guaranty and the SBLOC Agreement constitute a lending agreement pursuant to which CCA borrowed up to $100,000 through a line of credit from PNC (the "CCA Loan"). Together, where appropriate, the CCA LOC, Note & Guaranty and the SBLOC Agreement will be referred to herein as the "CCA Loan Documents."

23. The CCA Loan Documents provide that CCA would be in default thereof if, among other things, CCA failed to make any payment when due. *See* **Exhibit E, ¶ 18.**

24. The CCA Loan Documents further provide that, in the event of a default, PNC has the right to: (i) declare the entire outstanding principal, unpaid interest and charges under the CCA Loan Documents to be immediately due and payable to PNC; and (ii) increase the interest margin up to 5 percentage point (5.0%) over the variable interest rate on the CCA Loan; and (iii) require that CCA pay costs incurred by PNC in the collection of the outstanding amounts, including attorneys' fees and court costs. *See* **Exhibit E, ¶ 18.**

25. Since October 9, 2022, CCA has failed to timely make the required payments when due under the CCA Loan Documents.

26. Accordingly, on February 22, 2023, PNC sent CCA and Catton a Demand for Payment letter (the "CCA Demand Letter") informing CCA and Catton that they were in default under the CCA Loan Documents, and demanding repayment of the full outstanding amount of the CCA Loan. A true and correct copy of the CCA Demand Letter is attached hereto as **Exhibit F**.

27. CCA has nonetheless failed to cure its defaults under the CCA Loan Documents, and as of March 8, 2023, the outstanding balance was $83,955.12 consisting of unpaid principal, accrued and unpaid interest, and late charges. Interest is accruing on the outstanding principal balance of the CCDA Loan at a per diem rate of $12.67 and will continue to accrue in accordance with the terms of the CCDA Loan Documents.

28. Accordingly, the full accelerated amount owed under the CCA Loan Documents is immediately due and payable to PNC.

29. As stated above, on or about March 6, 2020, Catton signed the CCA LOC & Guaranty, which included a commitment by Catton to unconditionally guaranty the prompt payment and performance of all obligations of CCA to PNC (the "CCA Guaranty"). *See* **Exhibit D, p. 6**.

30. To date, Catton has failed to ensure the prompt payment and performance of CCA's obligations under the CCA Loan Documents, as required by the CCA Guaranty.

31. PNC has retained the undersigned law firm to represent it in this matter and is obligated to pay the undersigned counsel reasonable attorneys' fees for its services.

32. The Loan Documents provide that PNC is entitled to recover its costs and expenses, including reasonable attorneys' fees, incurred through the enforcement of its rights under the CCA Loan Documents. *See* **Exhibit E, ¶ 18**.

33. All conditions precedent to this action have occurred, been performed, or have been waived.

## COUNT I – BREACH OF MM 10 LOAN DOCUMENTS
(As to MM 10)

34. PNC sues MM 10 for breach of the MM 10 Loan Documents, and alleges damages in excess of $75,000.00 exclusive of interest, costs, and fees.

35. PNC realleges and incorporates paragraphs 1 through 18 above as if fully alleged herein.

36. A contract exists between PNC and MM 10, as evidenced by the MM 10 Loan Documents.

37. PNC is the owner and holder of the MM 10 Loan Documents.

38. As more particularly described herein, MM 10 is in material breach of the MM 10 Loan Documents and has defaulted under the terms thereof.

39. All amounts owed under the MM 10 Loan Documents have been accelerated and are due and payable in full, including principal, interest, late charges, and attorneys' fees and costs.

40. As a direct and proximate result of MM10's breach and default of the MM 10 Loan Documents, PNC has suffered damages and MM 10 owes to PNC the full outstanding unpaid amounts owed under the MM 10 Loan Documents, including principal, interest, attorneys' fees and costs, late charges, and any and all sums heretofore or hereinafter expended or to be expended by PNC pursuant to the terms of the MM 10 Loan Documents.

WHEREFORE, Plaintiff, PNC Bank, N.A., respectfully requests this Court enter judgment for Plaintiff and against MM 10 Financial, LLC, together with interest, costs, and attorneys' fees pursuant to the MM 10 Loan Documents, and any other relief the Court deems just and proper.

## COUNT II – BREACH OF MM 10 GUARANTY
(As to Catton)

41. This is an action against Catton for damages resulting from breach of the MM 10 Guaranty in an amount in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

42. PNC realleges and incorporates paragraphs 1 through 18 above, as if fully alleged herein.

43. As more particularly described herein, Catton has defaulted under the terms of the MM 10 Guaranty by failing to tender to PNC the requisite payments and all amounts due and owing under the MM 10 Loan Documents.

44. As a direct and proximate result of Catton's default, PNC has suffered monetary damages, and there is now due and owing from Catton the full amount of outstanding unpaid indebtedness under the MM 10 Loan Documents, including principal, interest, late charges, attorneys' fees and costs, and any and all sums heretofore or hereinafter expended by PNC, pursuant to the terms of the MM 10 Guaranty.

WHEREFORE, Plaintiff, PNC Bank, N.A., respectfully requests this Court enter judgment for Plaintiff and against Harry Catton for the full amount of outstanding unpaid indebtedness together with interest, costs, and attorneys' fees pursuant to the MM 10 Loan Documents, and for such further relief as is just and proper.

## COUNT III – BREACH OF CCA LOAN DOCUMENTS
(As to CCA)

45. PNC sues CCA for breach of the CCA Loan Documents, and alleges damages in excess of $75,000.00 exclusive of interest, costs, and fees.

46. PNC realleges and incorporates paragraphs 1 through 6 and 19 through 33 above as if fully alleged herein.

47. A contract exists between PNC and CCA, as evidenced by the CCA Loan Documents.

48. PNC is the owner and holder of the CCA Loan Documents.

49. As more particularly described herein, CCA is in material breach of the CCA Loan Documents and has defaulted under the terms thereof.

50. All amounts owed under the CCA Loan Documents have been accelerated and are due and payable in full, including principal, interest, late charges, and attorneys' fees and costs.

51. As a direct and proximate result of CCA's breach and default of the CCA Loan Documents, PNC has suffered damages and CCA owes to PNC the full outstanding unpaid amounts owed under the CCA Loan Documents, including principal, interest, attorneys' fees and costs, late charges, and any and all sums heretofore or hereinafter expended or to be expended by PNC pursuant to the terms of the CCA Loan Documents.

WHEREFORE, Plaintiff, PNC Bank, N.A., respectfully requests this Court enter judgment for Plaintiff and against Defendant, Consumer Compliance Analysts, LLC, together with interest, costs, and attorneys' fees pursuant to the CCA Loan Documents, and any other relief the Court deems just and proper.

### COUNT IV – BREACH OF CCA GUARANTY
(As to Catton)

52. This is an action against Catton for damages resulting from breach of the CCA Guaranty in an amount in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

53. PNC realleges and incorporates paragraphs 1 through 6 and 19 through 33 above, as if fully alleged herein.

54. As more particularly described herein, Catton has defaulted under the terms of the CCA Guaranty by failing to tender to PNC the requisite payments and all amounts due and owing under the CCA Loan Documents.

55. As a direct and proximate result of Catton's default, PNC has suffered monetary damages, and there is now due and owing from Catton the full amount of outstanding unpaid indebtedness under the CCA Loan Documents, including principal, interest, late charges, attorneys' fees and costs, and any and all sums heretofore or hereinafter expended by PNC, pursuant to the terms of the CCA Guaranty.

WHEREFORE, Plaintiff, PNC Bank, N.A., respectfully requests this Court enter judgment for PNC and against Defendant, Harry Catton, for the full amount of outstanding unpaid indebtedness together with interest, costs, and attorneys' fees pursuant to the CCA Loan Documents, and any other relief the Court deems just and proper.

DATED: May 17, 2023

**ADAMS AND REESE LLP**

By: */s/ Lauren A. Baio*
    Lauren A. Baio, Esq.
    Florida Bar No. 1002909
    lauren.baio@arlaw.com
    vicki.owens@arlaw.com
    catherine.lockley@arlaw.com
    20 F. St. NW, Suite 500
    Washington, DC 20001
    (202) 478-1217

and

John T. Rogerson, III, Esq.
Florida Bar No. 832839
john.rogerson@arlaw.com
catherine.lockley@arlaw.com
501 Riverside Ave., Suite 601
Jacksonville, FL 32202
(904) 355-1700
(904) 394-0555 (fax)

*Attorneys for Plaintiff,
PNC Bank, N.A.*